## Scott Estate

*Frederick J. Bertolet*, for Commonwealth.

*Paul D. Edelman*, for appellant.

MARX, P. J., April 25, 1953.—Jean Scott Stanley Mengel appeals from the assessment of transfer in-

heritance tax due the Commonwealth, in the estate of Robert F. Scott, deceased. The tax was assessed at 15 percent. Appellant does not question the appraisement, and admits liability at two percent.

Robert F. Scott, resident in Berks County, died on April 12, 1952, testate, survived by his wife, Mamie A. Scott. A son, William R. Scott, father of appellant, died August 23, 1922, survived by his wife, Erna Helen Scott, who, on March 19, 1925, married Harry J. Stanley. Appellant was born in Berks County, on December 4, 1920.

By decree of the Orphans' Court of Lancaster County on October 14, 1926, appellant, under the name of "Jean Scott Stanley" was adopted by Harry J. Stanley, her stepfather.

On October 5, 1940, appellant was married to Russell Albert Mengel.

By his will, probated April 25, 1952, decedent, Robert F. Scott, disposed as follows:

"Item:—All the rest, residue and remainder of my estate after the death of my beloved wife, I give, devise and bequeath unto Jean Scott Stanley, daughter of my deceased son William R. Scott, absolutely".

Testator owned, at his death, premises 113 E. Lancaster Avenue, Shillington, Berks County, Pa., appraised by the register of wills, for transfer tax purposes at $13,900. The widow of testator, Mamie A. Scott, on July 28, 1952, filed her election to take against the will. The estate going to the widow was assessed for transfer tax at two percent; that of appellant at 15 percent; hence this appeal.

Appellant was the granddaughter of testator. In his will testator speaks of her as daughter of his deceased son William R. Scott. She claims and was a "lineal descendant born in lawful wedlock" of testator. Her adoption by her stepfather, with the consequent change of name to Jean Scott Stanley did not in the least affect

or alter her origin and the concept of her origin as "offspring in the line of generation" which proceeded in direct line from the ancestor Robert F. Scott, testator: Strunk Estate, 369 Pa. 478, 480. In that case the Supreme Court, by Mr. Justice Horace Stern, reviewed the limitations and purpose of our statutes of adoption, noting especially the effect of the Intestate Act of June 7, 1917, which provided that "the person adopted shall, for all purposes of inheritance and taking by devolution, be a member of the family of the adopting parent or parents". The writer further said "while these statutes progressively enlarged the rights of adopted children to inherit from and through their adopting parent, they could not, of course, actually make such children children of his blood and therefore his 'lineal descendants.' What they accomplished was to establish a certain relation between the adopted child, the adopting parent, and their respective relatives, for specified purposes, but nowhere therein is there any suggestion of an intention to affect the Commonwealth in regard to its tax legislation. As the Commonweatlh properly contends, adoption creates an artificial relation between the adopting parent and the adopted child conferring certain rights and imposing certain duties upon each, but in respect to the Commonwealth's tax laws it is without effect in the absence of express provision to the contrary."

Appellant always was and remains a lineal descendant of testator, Robert F. Scott, deceased. As such she is subject to the imposition of a transfer tax liability, as determined by the Act of June 20, 1919, P. L. 521, and the amendments thereto, at two percent of the clear value of the property passing to her from her ancestor Robert F. Scott, testator.

The appeal is accordingly sustained. The assessment is amended accordingly.